UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE CAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1504-JAR |
| | ) |
| PRAVEEN ARADHYULA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis [Doc. #2]. Upon consideration of plaintiff's financial information, the motion will be granted. Additionally, having carefully reviewed the case, the Court will dismiss this action for lack of jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action against his landlord, Praveen Aradhyula, pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant is "the sole proprietorship of the SPRN-Group, LLC.," and he alleges that, in February 2014, he moved into an apartment owned by defendant. In March 2014, plaintiff began working for defendant, "cleaning vacant houses, cutting grass . . . [and] showing apartments to Section 8 clients and potential renters." Plaintiff states that he stopped working for defendant in May 2015, "due to lack of payment for said jobs." Plaintiff also states that on August 18, 2014, he incurred hospital expenses after being struck in the eye with a "nail chip" while "working at defendant's property," and he complains that the bill has not yet been paid. Plaintiff alleges that in June 2015, defendant deducted the monthly $500 rent debt from plaintiff's "work pay." Plaintiff alleges that defendant is in breach of their rental and work agreements, and he asks this Court to "investigate defendant's past to determine his credibility" and to "inform the State of Missouri Section 8 (Welfare Offices) . . . of [defendant's] unlawful actions and bad intentions towards . . . his rental tenants." In addition, plaintiff asserts that this Court has jurisdiction over his pendent state claims; however, he has failed to set forth what those claims are. For relief, plaintiff requests $10,690 and punitive damages in the sum of $100/day from June 2015 to September 2015.

## Discussion

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when a plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As previously stated, plaintiff brings this action under 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). A person acts under color of state law when he acts in his official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *See West v. Atkins*, 487 U.S. 42, 49 (1988). The requirement that a defendant acted under "color of state law" is jurisdictional. *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). Private conduct is simply beyond the reach of § 1983 "no matter how discriminatory or wrongful" that conduct may be. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). A private party may act under color of state law if he engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir.2008). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir.2003) (citations omitted).

In the instant case, defendant Aradhyula is plaintiff's landlord. Plaintiff does not allege, nor does it appear, that defendant acted under color of state law for purposes of § 1983. There is no claim that defendant acted with the coercive power of the state or conspired with a state actor against plaintiff. The Court notes that generally, there is no state action in an eviction action by a private landlord, *Foster v. New Horizons Assoc.*, 1990 WL 124534, at *1 (S.D.N.Y. Aug. 17, 1990), and after carefully reviewing plaintiff's allegations, it finds no state action in this case, where plaintiff is claiming an illegal offset of his rent against his earned wages and unpaid medical bills. *See Kabbani v. Council House, Inc.*, 406 F.Supp.2d 1189, 1193-94 (W.D. Wash. 2005) (private landlord of retirement home participating in Section 8 housing assistance was not state actor for purposes of § 1983).

Moreover, the Court will not liberally construe this action as having been brought pursuant to Section 8 of the Housing Act of 1937, given that there is no implied right of action under Section 8. *See Banks v. Dallas Hous. Auth.,* 271 F.3d 605, 611 (5th Cir.2001) (Section 8 represents an exercise of the Congressional Spending Power and does not expressly create any private cause of action for its enforcement); *Modica v. Reyna,* 2009 WL 2827975, at *9 (E.D.Tex. Sept.2, 2009) (no implied private right of action to sue under Section 8); *cf. Harris v. BlueRay Tech. Shareholders,* 2010 WL 1254698, at *3 (E.D.Wash. Mar. 25, 2010) (no private right of action against landlord for eviction in violation of Section 8 notice requirements); *Green v. Konover Residential Corp.,* 1997 WL 736528 (D.Conn., Nov.24, 1997) (no private right of action against landlord under Housing Act) (collecting cases); *Green v. Konover Residential Corp.,* 1997 WL 736528, at *9 (D.Conn. Nov. 24, 1997) (no private cause of action under Section 8 or the implementing regulations against a private landlord seeking affirmative money relief). Thus, inasmuch as there is no indication that plaintiff's claims actually arose under the Constitution, laws or treaties of the United States, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. *Cf. Gladney v. Sureluck Homes, LLC,* 2013 WL 2182797 (W.D. Mich. 2013) (plaintiff's claim for wrongful eviction arose under state law and must be litigated in the state courts; mere fact that part of plaintiff's rent was paid under the federally funded Housing Choice Voucher Program did not displace state law, which generally governs relationship between landlord and tenant, nor did it create a federal claim for allegedly wrongful eviction); *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804 (1986) (dismissing tort claim for lack of subject matter jurisdiction; mere presence of claimed violation of federal statute in state cause of action, in absence of provisions for private cause of action, is insufficiently substantial to confer jurisdiction on federal court).

Furthermore, even construed liberally, plaintiff's claims do not provide this Court with jurisdiction under 28 U.S.C. § 1332. The amount in controversy does not exceed $75,000, and it does not appear, nor has plaintiff alleged, that diversity of citizenship exists. As such, this case will be dismissed, without prejudice, for lack of subject matter jurisdiction.

As additional grounds for dismissing this action, the Court notes that, even if defendant were deemed to be a state actor, which he has neither alleged nor appears to be, this action would be dismissed as legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's allegations are asserted against defendant Aradhyula in his official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* Moreover, to state a claim against a municipality or a government official in his official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a governmental entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, even if defendant were a state actor, the complaint would be dismissed as legally frivolous.

Last, and to the extent that plaintiff is attempting to bring pendent state claims arising out of his landlord-tenant dispute, the pendent claims must also be dismissed because federal subject matter jurisdiction is lacking, and plaintiff has failed to articulate his state claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are

dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice. *See* Fed.R.Civ.P. 12(h)(3).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot.

A separate Order of Dismissal will be filed forthwith.

Dated this 6th day of October 2015.

                              /s/ John A. Ross
                              JOHN A. ROSS
                              UNITED STATES DISTRICT JUDGE